By the Court
(Marshall, C. J.). This is an original action filed in this court praying the writ of mandamus to command the public utilities commission to proceed to hear a proceeding filed by relator and now pending before the commission. The petition alleges, and the answer does not deny that *474 on March 4, 1930, the commission ordered “that the assignment of this proceeding for hearing this day be, and hereby it is vacated, and that the reassignment of such hearing be deferred to some date subsequent to the determination of the issues now pending in the United States Circuit Court of Appeals.” It is admitted, therefore, that the pendency of a cause in the United States Circuit Court of Appeals, in which certain elements of the controversy pending before the commission are involved, is one of the reasons for postponing the hearing before the commission. The answer further states “that it will be impossible for this Commission, either properly, systematically, efficiently or with justice, to carry on its large amount of business and its many hearings if it be compelled forthwith and from day to day to hear all such rate complaints and appeals without any discretion in the premises and with adjournments only from day to day. These defendants further show that they have acted with due discretion in the premises and with due regard to all the rights and interests of all of the litigants.” It is urged by counsel for the gas company that the proceeding pending before the commission is an appeal from a rate ordinance adopted by the city of Columbus, and that the appeal is provided by Section 614-44, General Code, and it is further claimed that that section requires “the commission shall, at such time and place, proceed to hear such complaint, and may adjourn the hearing thereof from day to day.” This court is of the opinion that that provision of Section 614-44 only applies where the utility accepts the rate and complaint is made by petition of three per centum of the qualified elec *475 tors of the municipality. The court is of the opinion that the pendency of the action in the United States Circuit Court of Appeals is not a sufficient reason, or a valid reason, for postponement of the hearing but the court is of the further opinion that the answer alleging that the commission is acting with due discretion and with due regard to the rights and interests of all the litigants before the commission states a good defense. It is the duty of the commission to hear matters pending before the commission without unreasonable delay and with due regard to the rights and interests of all litigants before that tribunal.
This court is not advised by the pleadings in this case as to the state of the docket of the commission, or as to the volume of business pending therein, or whether or not the commission is discriminating in favor of other litigants and against the relator. The public utilities commission is invested with a discretion as to its order of business, and there is such a wide latitude of that discretion that this court may not lawfully interfere with it, except in extreme cases.
This cause has been submitted to the court upon a motion for judgment upon the pleadings. It cannot be said that the admitted facts in the pleadings show such an extreme case. The writ must be denied.

Writ denied.

Kinkade, Robinson, Matthias and At,tbn, JJ., concur.